NOT FOR PUBLICATION

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SEP 2 3 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

EILEEN FLADE,

        Plaintiff,

v.

ELIZABETH CONNOLLY, ACTING
COMMISSIONER, NEW JERSEY
DEPARTMENT OF HUMAN SERVICES; and
MEGHAN DAVEY, DIRECTOR, NEW
JERSEY DEPARTMENT OF HUMAN
SERVICES, DIVISION OF MEDICAL
ASSISTANCE AND HEALTH SERVICES,

        Defendants.

Civ. No. 16-4407

OPINION

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiff Eileen Flade's ("Plaintiff") motion for

a preliminary injunction. (ECF No. 6). Defendants Elizabeth Connolly and Meghan Davey

("Defendants") oppose the motion and cross-move for dismissal. (ECF No. 7). The Court has

decided the motions based on the written submissions of the parties and without oral argument

pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motion will be

denied and Defendants' cross-motion will be denied.

## BACKGROUND

    Plaintiff is a Medicaid applicant currently residing in a Medicaid-certified nursing

facility. On April 12, 2016, Plaintiff applied for Medicaid benefits. At that time, both Plaintiff

and her husband had substantial assets available to them. On April 29, 2016, Plaintiff's husband

passed away. At the time of his death, Plaintiff's husband had assets in his name totaling

approximately $70,000. Plaintiff had less than $1,000 of assets in her own name. In his will,

Plaintiff's husband left Plaintiff the smallest share of his estate permitted by law. *See* N.J. Stat.

Ann. § 3B:8-1. The will has been submitted to probate before the Surrogate of Bergen County.

Plaintiff has not attempted to claim the one-third elective share she is legally permitted to pursue

in court.

After her husband's death, Plaintiff anticipated that she would be eligible for Medicaid

benefits on May 1, 2016. On June 9, 2016, however, Plaintiff's application was denied.

Defendants, acting through the Bergen County Board of Social Services, found that all of her late

husband's assets were available to Plaintiff, thereby putting her over the resource limit of $2,000

for Medicaid eligibility. *See* N.J. Admin. Code § 10:71-4.5(c). Plaintiff now fears being

discharged from her nursing facility due to non-payment. On July 20, 2016, Plaintiff filed a

complaint under 42 U.S.C. § 1983 for violations of the federal Medicaid Act. (ECF No. 1). On

August 2, 2016, Plaintiff filed the present motion for a preliminary injunction to enjoin

Defendants from treating the assets of her late husband's estate as a resource that she has access

to for her own care. (ECF No. 6). Defendants opposed her motion, and cross-moved to dismiss

Plaintiff's complaint. (ECF No. 7). These motions are presently before the Court.

## LEGAL STANDARDS

### A. Preliminary Injunction

The grant or denial of a preliminary injunction is within the discretion of the Court. *See*

*American Exp. Travel Related Services, Inc. v. Sidamon–Eristoff,* 669 F.3d 359, 366 (3d Cir.

2012). The primary purpose of preliminary injunctive relief is "maintenance of the status quo

until a decision on the merits of a case is rendered." *Acierno v. New Castle County,* 40 F.3d 645,

647 (3d Cir. 1994). The decision to issue a preliminary injunction order is governed by a four-

factor test, wherein Plaintiff must demonstrate:

> (1) that [she is] reasonably likely to prevail eventually in the litigation and (2) that
> [she is] likely to suffer irreparable injury without relief. If these two threshold
> showings are made the District Court then considers, to the extent relevant, (3)
> whether an injunction would harm the [defendants] more than denying relief would
> harm the plaintiff[] and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.,* 710 F.3d 99, 105 (3d Cir. 2013) (quoting

*Tenafly Eruv Ass'n v. Borough of Tenafly,* 309 F.3d 144, 157 (3d Cir. 2002)).

### B. Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a

complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden

of showing that no claim has been presented. *Hedges v. United States,* 404 F.3d 744, 750 (3d

Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-

part analysis. *See Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must

'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal,*

56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded

factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler*

*v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const.*

*Corp.,* No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may

disregard any conclusory legal allegations. *Fowler,* 578 F.3d at 203. Finally, the court must

determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for

relief.'" *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679). If the complaint does not demonstrate more

than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

The Court will first address Plaintiff's motion for a preliminary injunction. The first factor in the Court's preliminary injunction analysis is whether Plaintiff is likely to prevail in her litigation. *K.A. ex rel. Ayers*, 710 F.3d at 105. Plaintiff has demonstrated a reasonable probability of success. To qualify for Medicaid, Plaintiff's resources must be under $2,000. *See* N.J. Admin. Code § 10:71-4.5(c). Defendants do not dispute Plaintiff's assertion that she only has $637 in her own name. (Pl.'s Br. at 3, ECF No. 6-1). The Court finds that Plaintiff currently does not have access to her late husband's assets, and therefore it appears that she is currently under the $2,000 resource limit for Medicaid. *See* 20 C.F.R. § 416.1201(a) (defining "resources" as any liquid assets or property that an individual or spouse owns and could convert to cash to use for her support); N.J. Admin. Code § 10:71-4.4(b)(6)(i) (excluding property in probate from the definition of "resources"). Defendants argue that even if Plaintiff's late husband's resources were not counted as resources that she could use for her support, Plaintiff would still be denied benefits because she made substantial cash gifts during Medicaid's five-year lookback period.[1] (Defs.' Br. at 15, ECF No. 7-1). However, such gifts made during the five-year lookback period would only result in the imposition of a penalty period, which would disqualify Plaintiff from receiving benefits for a certain period of time. Gifts made during the five-year lookback period would not result in an outright denial of benefits. *See Frugard*, 2010 WL 1462944, at *1, *5; *see*

---

[1] The lookback period "is a time period during which the applicant has their assets scrutinized to ensure that they did not dispose of or transfer assets for less than fair market value in order to qualify for Medicaid." *Frugard v. Velez*, No. 08-5119, 2010 WL 1462944, at *1, *5 (D.N.J. Apr. 9, 2010); *see also* 42 U.S.C. § 1396p(c)(1)(B)(i).

4

*also* 42 U.S.C. § 1396p(c)(1).  Therefore, Plaintiff has shown that she is reasonably likely to succeed on the merits of her claim.

The second factor in assessing a motion for a preliminary injunction is whether the Plaintiff is likely to suffer irreparable harm without relief.  *See K.A. ex rel. Ayers*, 710 F.3d at 105.  Plaintiff has not successfully shown that she is likely to suffer irreparable harm without injunctive relief.  Plaintiff argues that without relief: 1) she risks being discharged from her nursing facility for non-payment, 2) should she need to leave her nursing home for a brief hospital stay, she would be unable to return to her nursing home, and no other nursing home would accept her in her current financial position, and 3) she would lose the ability to be awarded more than three months' worth of Medicaid benefits.  (Pl.'s Br. at 8-9, ECF No. 6-1).  It is true that if Plaintiff is not granted a preliminary injunction, but does ultimately prevail in her litigation, Defendants' sovereign immunity likely would at most allow Plaintiff to recover three months' worth of benefits.  *Morenz v. Wilson-Coker*, 415 F.3d 230, 237 (2d Cir. 2005) (granting a limited three-month exception to defendant's usual sovereign immunity from having to pay retroactive damages).  The Court, however, is not persuaded that this limitation on Plaintiff's potential recovery is sufficient to qualify as irreparable harm.  As previously discussed, it is likely that, even if Plaintiff otherwise qualifies to receive benefits, a "penalty period" will be imposed on Plaintiff as a result of her making substantial cash gifts during Medicaid's five-year lookback period.  The imposition of such a penalty period would disqualify her from immediately receiving benefits.  Therefore, even if Plaintiff succeeds on the merits of her claim, she likely would not be immediately eligible to receive benefits, and could not stay in her present nursing home on that basis.  As a result, Plaintiff has not sufficiently demonstrated that she would be irreparably harmed without a preliminary injunction.

5

The third factor is whether an injunction would harm the defendant more than denying relief would harm the plaintiff. *See K.A. ex rel. Ayers*, 710 F.3d at 105. Defendants would be harmed by an injunction because they would be forced to provide Medicaid benefits to Plaintiff during the pendency of this litigation, before a determination is made as to Plaintiff's eligibility for such benefits. It is true that the benefits paid to Plaintiff would be a small portion of New Jersey's Medicaid expenditures, but the fact remains that Defendants may lose a substantial sum of money if an injunction were granted. The Court is persuaded that this potential harm to Defendants, outweighs the potential harm to the Plaintiff given the likelihood of an imposition of a penalty period before Plaintiff would be eligible for the receipt of benefits. Therefore, this factor weighs in favor of denying a preliminary injunction.

The final factor in a preliminary injunction analysis is the public interest. *K.A. ex rel. Ayers*, 710 F.3d at 105. The Court finds that denying Plaintiff a preliminary injunction would serve the public interest. Both parties agree that it is in the public interest for Medicaid applicants to be properly evaluated. (Pl.'s Br. at 10, ECF No. 6-1; Defs.' Br. at 18; ECF No. 7-1). The Court recognizes that Defendants have an obligation to make payments with Medicaid dollars efficiently and only to those who qualify for benefits. At the conclusion of this litigation, Plaintiff may ultimately prove that she is entitled to receive benefits. At this stage, however, Plaintiff has not sufficiently demonstrated that she is entitled to the immediate receipt of Medicaid benefits. Therefore, the Court is not persuaded that it would be in the public interest to compel Defendants to provide Plaintiff benefits during the pendency of this litigation. As a result, this factor also weighs against granting Plaintiff the injunction she seeks.

Since three of the four factors in the preliminary injunction analysis weigh against of an injunction, the Court will deny Plaintiff's motion for a preliminary injunction.

6

The Court will next address Defendants' cross-motion to dismiss. Defendants make three arguments to support dismissal under Federal Rule of Civil Procedure 12(b)(6). First, Defendants argue that Plaintiff cannot bring suit against Defendants in their official capacities. (Defs.' Br. at 9, ECF No. 7-1). While defendants cannot be sued in their official capacities for damages under 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), they can be sued under § 1983 for injunctive relief, *id.* at n.10. Plaintiff only seeks injunctive relief, and thus Defendants' first argument fails.

Second, Defendants argue that Plaintiff did not exhaust her administrative or state court remedies before filing a complaint in this Court. (Defs.' Br. at 10, ECF No. 7-1). However, a plaintiff is not required to exhaust its administrative or state court remedies before filing a § 1983 complaint in federal court. *Patsy v. Bd. Of Regents,* 457 U.S. 496, 516 (1982); *James v. Richman*, 547 F.3d 214, 217–18 (3d Cir. 2008). Therefore, this argument also fails.

Third, Defendants argue that Plaintiff's complaint is premature because her husband's estate has not been fully resolved and she could potentially receive substantial money from his estate at a later time. (Defs.' Br. at 11-12, ECF No. 7-1). However, Plaintiff has already been denied benefits based on her late husband's assets, and there is no requirement that Plaintiff exhaust her administrative remedies before filing a complaint. Construing the facts in the light most favorable to Plaintiff, the Court finds that none of Defendants' arguments warrant dismissal. Therefore, Defendants' cross-motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction will be denied,

and Defendants' cross-motion to dismiss will be denied.  An appropriate order will follow.


/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: 9/23/16