NOT FOR PUBLICATION

R E C E I V E D

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DEC 2 3 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

EILEEN FLADE,

        Plaintiff,

v.

ELIZABETH CONNOLLY, ACTING
COMMISSIONER, NEW JERSEY
DEPARTMENT OF HUMAN SERVICES;
and MEGHAN DAVEY, DIRECTOR, NEW
JERSEY DEPARTMENT OF HUMAN
SERVICES, DIVISION OF MEDICAL
ASSISTANCE AND HEALTH SERVICES,

        Defendants.

Civ. No. 16-4407

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the Second Motion for a Preliminary Injunction

brought by Plaintiff Eileen Flade ("Plaintiff"). (ECF No. 11). Defendants Elizabeth Connolly

and Meghan Davey ("Defendants") oppose the motion. (ECF No. 12). The Court has decided

the motion based on the written submissions of the parties and a hearing on the motion on

November 30, 2016. For the reasons stated herein, Plaintiff's motion will be denied.

## BACKGROUND

Much of the relevant factual history is laid out in this Court's Opinion dated September

23, 2016 and incorporated by reference herein. ("September 23rd Opinion," ECF No. 9). On

August 2, 2016, Plaintiff filed a motion for preliminary injunction ("First Motion"), seeking to

enjoin Defendants' from treating assets currently in her husband's estate as an "available

resource" to her for the purposes of determining Medicaid eligibility. (*See* ECF No. 6). On

1

August 24, 2016, Defendants' filed a cross-motion to dismiss Plaintiff's Complaint. (*See* ECF No. 7). On September 23, 2016, this Court denied Plaintiff's motion for a preliminary injunction and also denied Defendants' cross-motion to dismiss Plaintiff's complaint. (ECF No. 10).

Subsequently, Plaintiff filed a second motion for preliminary injunction. ("Second Motion," ECF No. 11). Plaintiff's Second Motion alleges new facts not previously mentioned in her first motion or her complaint. First, Plaintiff alleges that, after Plaintiff's initial application for Medicaid benefits was denied on June 9, 2016, Plaintiff filed a second application for Medicaid benefits on July 7, 2016. ("July 7th Application"). On September 26, 2016, Plaintiff submitted a fair hearing request on her July 7th application to the State Office of Administrative Law. (Def. Opp'n at 3, 5, ECF No. 12). Plaintiff alleges that Defendants have refused to act on this application in violation of federal law. (Second Mot. at 9–10, ECF No. 11). However, despite that allegation, Plaintiff informed the Court that she requested the state fair hearing request be put on the inactive list for six months pending the resolution of this case. (ECF No. 14 at 6).

Second, as previously discussed, Plaintiff likely faces a "penalty period" for making uncompensated asset transfers during Medicaid's five-year lookback period. Plaintiff now alleges that once she is found to be otherwise eligible for Medicaid benefits, she would likely be prohibited from receiving certain Medicaid benefits for a penalty period of approximately six months. (Second Mot. at 8–9, ECF No. 11). Plaintiff also alleges that while this likely penalty period would prohibit her from receiving institutional level services that Medicaid provides, such as the nursing home bill for room and board, it would not prohibit her from receiving ancillary services, such as prescription drugs, that New Jersey's Medicaid program provides. (ECF No. 14 at 2–3).

2

Plaintiff's Second Motion seeks two forms of relief: (1) to preliminarily enjoin Defendants' from treating assets currently in her husband's estate as an "available resource" to her for the purposes of determining Medicaid eligibility (the same relief sought in Plaintiff's First Motion); and (2) to preliminarily enjoin Defendants to start a penalty period for any uncompensated transfers that Plaintiff or her spouse made during the applicable five-year "lookback" period. (*See* ECF No. 11). Plaintiff's Second Motion is presently before the Court.

## LEGAL STANDARDS

### I.   Preliminary Injunction

The grant or denial of a preliminary injunction is within the discretion of the Court. *See American Exp. Travel Related Services, Inc. v. Sidamon–Eristoff,* 669 F.3d 359, 366 (3d Cir. 2012). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle County,* 40 F.3d 645, 647 (3d Cir. 1994). The decision to issue a preliminary injunction order is governed by a four-factor test, wherein Plaintiff must demonstrate:

> (1) that [she is] reasonably likely to prevail eventually in the litigation and (2) that [she is] likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiff[] and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.,* 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly,* 309 F.3d 144, 157 (3d Cir. 2002)).

A preliminary injunction is an "extraordinary remedy, which should be granted only in limited circumstances," *Instant Air Freight Co. v. C. F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir. 1989), and is "never awarded as of right." *Groupe SEB USA, Inc.* v. *Euro-Pro Operating, LLC,* 774 F.3d 192, 197 (3d Cir. 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008)).

3

## ANALYSIS

The first factor in a preliminary injunction analysis is whether Plaintiff is reasonably likely to prevail in the litigation. *K.A. ex rel. Ayers*, 710 F.3d at 105. In this Court's September 23rd Opinion, the Court found that Plaintiff has a reasonable likelihood of success on the merits of her claim. (September 23rd Opinion at 4–5, ECF No. 9). While the parties have not presented new arguments on this factor, the Court has re-examined this factor and is no longer persuaded that Plaintiff has demonstrated a likelihood of success of the merits. Federal law provides that the resources of an "institutionalized spouse" are determined at the time of application for benefits. 42 U.S.C.A. § 1396r-5(c). In New Jersey, resource eligibility for Medicaid benefits is determined as of the first moment of the first day of each month in the month of application, (N.J.A.C. 10:71-4.1(e)(1)), or "the first moment of the first day of the month of application for Medicaid" (N.J.A.C. 10:71-4.8(a)(2)). In this case, Plaintiff was considered an "institutionalized spouse," and therefore the resources available to her are to be determined at the time of application for benefits or the first day of that month. Plaintiff applied for Medicaid benefits on April 12, 2016, and therefore the resources available to her are to be determined on April 12 or April 1, 2016. At that time, Plaintiff's late husband was still living. (Second Mot. at 2–3, ECF No. 11). As a result, the Court is persuaded that Defendants properly counted the resources held by her husband as resources available to Plaintiff in assessing her application.

Plaintiff's late husband's subsequent passing on April 29, 2016 could potentially change how those assets are treated in a subsequent application, such as the July 7th application. However, by Plaintiff's own admission, the July 7th application "has nothing whatsoever to do with the basis for the denial of the application that is before this Court." (ECF No. 14 at 6). To the contrary, Plaintiff's Complaint, which was filed on July 20th, does not mention the July 7th application. Plaintiff's Complaint only alleges that Defendants violated federal law by treating

4

her late husband's assets as available to Plaintiff in evaluating her April 12, 2016 application. The Court is not persuaded that Plaintiff has carried its burden of demonstrating a likelihood of success on the merits of this claim. Therefore, this factor weighs against granting an injunction.

The second factor is whether Plaintiff is likely to suffer irreparable harm without relief. *See K.A. ex rel. Ayers*, 710 F.3d at 105. "The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot be adequately compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475 (3d Cir. 2000). This Court has previously found that the serious risk of discharge from a nursing facility for non-payment of fees satisfies the irreparable harm requirement. *Sorber v. Velez*, 2009 WL 3491154, at *4 (D.N.J. Oct. 23, 2009).

In this case, Plaintiff argues that she is at serious risk of discharge from her current nursing facility for non-payment of fees. (Second Mot. at 11, ECF No. 11). In deciding Plaintiff's First Motion, the Court found that this was not sufficient to qualify as irreparable harm due to the likelihood that the penalty period would be imposed, and would disqualify her from the immediate receipt of Medicaid benefits. (September 23rd Opinion at 5, ECF No. 9).

Plaintiff, however, alleges a new fact in her Second Motion. Based on the undisputed, uncompensated asset transfers disclosed by Plaintiff in her initial application for Medicaid benefits, the penalty period likely to be imposed on her would be 181 days or approximately six months. (Second Mot. at 8–9, ECF No. 11). Therefore, if Plaintiff prevails in this litigation and is found to have qualified for benefits as of May 1, 2016, the penalty period that this Court discussed in deciding Plaintiff's First Motion would likely be 181 days. Therefore, the penalty period would have run from May 1, 2016 through approximately October 28, 2016.

A final determination as to Plaintiff's eligibility for the receipt of Medicaid benefits has not yet been made by this Court. However, as a result of Plaintiff's new allegations, the Court is

persuaded that if Plaintiff were to ultimately prevail in this litigation, she would likely be otherwise eligible to receive benefits today. Plaintiff alleges that she currently faces a likelihood of irreparable harm because there is a serious risk that she will be discharged from her nursing care facility due to non-payment of bills. This Court is persuaded that this satisfies the likelihood of irreparable harm factor, and therefore, the second factor weighs in favor of granting a preliminary injunction.

The third factor is whether an injunction would harm the defendant more than denying relief would harm the plaintiff. *See K.A. ex rel. Ayers*, 710 F.3d at 105. The Court's analysis of this factor is affected by the level of harm likely to be suffered by Plaintiff. Defendant may be required to expend a substantial sum of money if a preliminary injunction were granted. The Court is mindful of this potential harm, but the Court finds that the likely irreparable harm Plaintiff may suffer outweighs the potential harm to Defendants in this case. Therefore, this factor weighs in favor of granting a preliminary injunction.

The fourth factor is the public interest. *K.A. ex rel. Ayers*, 710 F.3d at 105. This factor is particularly relevant here because if the Court were to grant a preliminary injunction, Defendants could be required to use public funds to provide Medicaid benefits to an individual prior to a final determination that the individual is eligible for such benefits. In this case, the Court is not persuaded that Plaintiff has in good faith pursued all avenues of relief available to her. Plaintiff has yet to claim the elective share of her late husband's estate that she is entitled to under New Jersey law. (ECF No. 11 at 4). Additionally, Plaintiff did not submit a fair hearing request to the Office of Administrative Law on her first application for Medicaid benefits as she was permitted to do. Lastly, while Plaintiff has submitted a fair hearing request on the July 7th application, Plaintiff has requested that her fair hearing request be put on the inactive list pending the resolution of this lawsuit. (ECF No. 14 at 6).

Given that the issuance of a preliminary injunction is an "extraordinary remedy," *Instant Air Freight Co.*, 882 F.2d at 800, and is "never awarded as of right," *Groupe SEB USA, Inc.*, 774 F.3d at 197, the Court is not persuaded that it would be in the public interest to enjoin Defendants to use public funds to immediately provide Plaintiff with Medicaid benefits prior to a final determination by this Court as to her eligibility for such benefits. As a result, the Court finds that the public interest favors denying a preliminary injunction here.

## CONCLUSION

The Court is not persuaded that Plaintiff here has demonstrated that she is entitled to the issuance of a preliminary injunction. Therefore, Plaintiff's second motion for a preliminary injunction will be denied. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: Dec 22, 2016

7